María Echevarría de Subirá, Concepción Subirá, Manuel A. Frau, Providencia Subirá and Salvador Pereyó, Plaintiffs and Appellees, *v.* Rafael Saurí, Defendant and Appellant.

No. 4169.  Argued February 14, 1927.—Decided February 25, 1927.

*Yordán Dávila* and *Pérez Marchand* for the appellant. *Henry G. Molina* for the appellees.

Mr. Chief Justice del Toro delivered the opinion of the court.

Dismissal of the appeal in this case is moved for on the ground that the transcript was not filed in time. Appellees allege that the appeal was taken on the 4th of January, 1927, and as the transcript had not been filed on February 4, it is evident that the thirty days fixed by law had expired and the appeal, therefore, could not be prosecuted. The motion to dismiss was filed with the secretary of this court on the 5th of February at about eleven o'clock in the morning. At the foot of the motion there is a note to the effect that the appellant's counsel residing in Ponce had been notified by mail, the envelope having been deposited in the postoffice of San Juan on the 5th of February.

Appellant opposed the motion; (1) because the appeal had been taken on the 5th of January and therefore the time within which to file the transcript expired on the 5th of February when it was actually filed; (2) even if it were not so, the transcript was filed before notice of the motion to dismiss had been given to the appellant, and because in any case the thirty days could not be counted from the 5th of January, but from the 1st of February when the stenographic transcript was approved by the judge.

The first and second grounds of opposition are not well founded.

It is true that the time began to run from the 5th of January and not from the 4th when notice was served on the other party, because the appeal must be understood to have been established when notice thereof was filed with the secretary, and this took place on the 5th, but even then the time expired on the 4th of February because the month of January has thirty-one days.

It is also true that there is a good defense in the fact that the transcript was filed previous to the motion to dismiss even if the legal period had expired, and that the date from which to reckon is that of the service of notice on the ap-

pellant (*Portela* v. *Viera,* 31 P.R.R. 394), but the motion was filed with the secretary on the 5th of February an hour before the transcript, and it contains a sworn statement to the effect that notice thereof had been served on the appellant.

The third ground is well founded. Under the law and the rules of the court, as there was a stenographic transcript in this case, the time for filing the transcript of the record did not begin to run on the 5th of January, but on the 1st of February when the stenographic transcript was approved by the judge.

At the hearing on the motion it was alleged by the appellees that, as this case had been decided on the pleadings, the stenographic transcript was unnecessary, but at the same time counsel stated that evidence had been introduced in connection with a certain preliminary injunction, although he stated that the injunction had nothing to do with the questions involved in this appeal.

The transcript is already in this court and contains one hundred pages. It was prepared with the intervention of the appellees and they were not granted, nor did they apply for, the elimination thereof.

We are not convinced that the transcript was unnecessary for a decision of the appeal and very rarely are transcripts filed with the same rapidity as in the present case.

This being so, we must hold, at least now, that the motion to dismiss can not be sustained, but we wish to say furthermore that when the expiration of the time is by one day and that of the notice of the motion is by hours, and as the term is not jurisdictional, the court, in the exercise of its discretion, would always overrule the motion to dismiss the appeal even though the evidence introduced were unnecessary. *Gandía* v. *Pizá,* 17 P.R.R. 320.